12-1976-cv
Chansamone v. NRG Northeast

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of May, two thousand thirteen.

Present:
> PIERRE N. LEVAL,
> ROBERT A. KATZMANN,
> PETER W. HALL,
> > *Circuit Judges*.

_____

SITTHISAK V. CHANSAMONE,

> *Plaintiff-Appellant*,

> v.                                                           No. 12-1976-cv

IBEW LOCAL 97,

> *Defendant*,

NRG NORTHEAST AFF SERVICE, INC.,

> *Defendant-Appellee*.

_____

For Plaintiff-Appellant:          Gregory G. Paul, Morgan & Paul, PLLC, Sewickley, PA.

For Appellee:                          Mark A. Molloy, Nixon Peabody LLP, Buffalo, NY.

Appeal from the United States District Court for the Western District of New York (Curtin, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Plaintiff-Appellant Sitthisak Chansamone appeals from a judgment entered on April 13, 2012 by the United States District Court for the Western District of New York (Curtin, *J.*). That judgment granted the motion of Defendant-Appellee NRG Northeast Aff Service, Inc. ("NRG") for summary judgment and dismissed Chansamone's claims for employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, and the New York State Human Rights Law, N.Y. Exec. Law §§ 290 *et seq.*[1] On appeal, Chansamone contends that the evidence in the record supports his claims that NRG discriminated against him in its hiring process and that it tolerated a racially hostile work environment. We assume the parties' familiarity with the relevant facts, the procedural history, and the issues presented for review.

We turn first to Chansamone's claim that NRG discriminated against him when it declined to hire him for permanent positions at a facility other than the one where he worked as a temporary employee.[2] To prevail on this claim, Chansamone must first establish a prima facie case by showing: "(1) that [he] was within the protected . . . group, (2) that [he] was qualified for the position, (3) that [he] experienced [an] adverse employment action, and (4) that such [an]

[1]Although Chansamone initially identified IBEW Local 97 as a defendant, he voluntarily dismissed his claims against it with prejudice on April 26, 2011.

[2]Because NRG classified Chansamone as a "temporary employee," his selection for a permanent position at the other facility would have amounted to a promotion.

2

action occurred under circumstances giving rise to an inference of discrimination." *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 107 (2d Cir. 2010). If Chansamone establishes a prima facie case, "the burden shifts to the defendant to articulate 'some legitimate, nondiscriminatory reason' for its action." *Id.* at 106 (quoting *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)). "Once such a reason is provided, the plaintiff can no longer rely on the prima facie case, but may still prevail if [he] can show that the employer's determination was in fact the result of discrimination." *Id.*[3]

Here, even if Chansamone can establish a prima facie case, he has offered no evidence to rebut NRG's "legitimate, nondiscriminatory reason" for its actions. Chansamone, who is Laotian, applied on numerous occasions for permanent positions at a NRG facility other than the one where he worked as a temporary employee. He claims that Carson Leikam, the hiring supervisor at that separate facility, declined to employ him based on his race. According to Chansamone, Leikam knew about his race because Leikam heard Chansamone's accent when Chansamone called to inquire about his application. Leikam, however, explained his decision not to choose Chansamone based on legitimate and nondiscriminatory factors: specifically, that Chansamone struck him as "abrupt[]" during the relevant phone call, that Chansamone had potentially shown a lack of commitment when he "left the company and . . . came back," and that Chansamone's resume overstated his experience. In response to these nondiscriminatory reasons, Chansamone argues only that successful applicants also called Leikam and that Leikam failed to

---

[3]The same standards apply to Chansamone's state claims. *See, e.g.*, *Tyler v. Bethlehem Steel Corp.*, 958 F.2d 1176, 1180 (2d Cir. 1992).

3

investigate Chansamone's qualifications.[4] No reasonable jury could find, based on these arguments, that NRG in fact discriminated against Chansamone. First, Leikam identified Chansamone's abruptness during the phone call, rather than the mere fact that Chansamone called, as the basis for disfavoring Chansamone's application. Second, the fact that Leikam did not investigate Chansamone's qualifications says nothing about why he did not do so and is wholly consistent with Leikam's explanation that he stopped considering Chansamone's application because the phone call and resume left him with an unfavorable impression. Accordingly, Chansamone has produced no credible evidence of discrimination, and the district court correctly granted summary judgment on these claims.

Chansamone's hostile work environment claim likewise fails. To prevail on this claim, Chansamone must make two showings. First, he must demonstrate that "the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (citations and internal quotation marks omitted). Second, he must identify a "specific basis . . . for imputing the conduct that created the hostile environment to the employer." *Schwapp v. Town of Avon*, 118 F.3d 106, 110 (2d Cir. 1997). In our prior cases, we have allowed hostile environment claims to proceed only where a plaintiff has shown either one or more "extraordinarily severe" incidents, *Cruz v.*

---

[4]We do not consider Chansamone's testimony that co-workers told him that Leikam would not hire him "as an Asian," because that testimony is inadmissible hearsay. *See Burlington Coat Factory Warehouse Corp. v. Esprit De Corp*, 769 F.2d 919, 924 (2d Cir. 1985) ("[A party] cannot rely on inadmissible hearsay in opposing a motion for summary judgment."); *see also Woodman v. WWOR-TV, Inc.*, 411 F.3d 69, 75 (2d Cir. 2005) ("[W]e are obliged carefully [to] distinguish between evidence that allows for a reasonable inference of discrimination and evidence that gives rise to mere speculation and conjecture." (internal quotation marks omitted)).

*Coach Stores, Inc.*, 202 F.3d 560, 570 (2d Cir. 2000), or "a steady barrage of opprobrious racial comments," *Schwapp*, 118 F.3d at 110 (internal quotation marks omitted).

Here, Chansamone cannot show that the conduct of his co-workers, although undoubtedly offensive, was so severe or frequent that it created "an abusive working environment." Although Chansamone testified that another co-worker called him a "VC" and said, "I used to kill people like [Chansamone]," these remarks do not rise to the level of an "extraordinarily severe" incident. *Compare Richardson v. N.Y. State Dep't of Correctional Serv.*, 180 F.3d 426, 439 (2d Cir. 1999) ("Perhaps no single act can more quickly alter the conditions of employment and create an abusive working environment than the use of an unambiguously racial epithet such as nigger by a supervisor in the presence of his subordinates." (internal quotation marks omitted)), *abrogated on other grounds by Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006), *with Whidbee v. Garzarelli Food Specialties*, 223 F.3d 62, 70-71 (2d Cir. 2000) (analyzing co-worker's statement that "he had a rope with which to hang" someone as only *part* of a "stream of racially offensive comments"). Moreover, analyzing the aforementioned comments alongside the other conduct that Chansamone has identified,[5] we think that the evidence demonstrates only "sporadic" or "isolated incidents of racial enmity," rather than "a steady barrage of opprobrious racial comments." *Schwapp*, 118 F.3d at 110 (internal quotation marks omitted). Accordingly, the district court correctly granted NRG's motion for summary judgment.[6]

---

[5]Specifically, Chansamone testified that a different co-worker referred to his friend as an "Asian gay lover," and that multiple co-workers told him that Leikam would not hire him because of his race.

[6]Chansamone further argues that the district court erred by failing to rule on his motion to compel responses to his interrogatories. Nonetheless, NRG voluntarily produced responses to Chansamone's discovery demands, mooting any motion to compel.

We have considered Chansamone's remaining arguments and find them to be without merit. For the reasons stated herein, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK